## CANFIELD v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4761.

Circuit Court of Appeals, Seventh Circuit.

Jan. 13, 1933.

752

Edwin H. Cassels and Barry Gilbert, both of Chicago, Ill., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch and Wm. Cutler Thompson, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., and W. R. Lansford, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for respondent.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge (after stating the facts as above).

The determination of the question presented calls for the construction of section 201 (a) and (b) of the Revenue Act of 1921, c. 136, 42 Stat. 227, 228. So far as applicable they read as follows:

"(a) That the term 'dividend' when used in this title * * * means any distribution made by a corporation to its shareholders or members, whether in cash or in other property, out of its earnings or profits accumulated since February 28, 1913, * * *

"(b) For the purposes of this Act every distribution is made out of earnings or profits, and from the most recently accumulated earnings or profits, to the extent of such earnings or profits accumulated since February 28, 1913; but any earnings or profits accumulated or increase in value of property accrued prior to March 1, 1913, may be distributed exempt from the tax, after the earnings and profits accumulated since February 28, 1913, have been distributed. * * *"

When the dividend of $5,100,000 was declared by the company on April 14, 1923, it included all the company's accumulated prof-

its and earnings since March 1, 1913, and also most, if not all, of its surplus which existed on March 1, 1913. The statute referred to does not prevent the declaration of a dividend out of that surplus provided there are no undivided profits or earnings left which were accumulated since March 1, 1913. Those undivided profits and earnings must be consumed first, and every distribution of them by way of dividend must be from those most recently accumulated. Up to this point the parties are not at variance, but they differ as to the proper method of determining the amount of earnings and profits accumulated since February 28, 1913.

It is contended by petitioner that the company's accumulated earnings and profits from March 1, 1913, to April 14, 1923, can be ascertained only by deducting the losses for 1914 and 1915, which amount to $404,846.99, from the total earnings and profits of the other years of that period, which aggregate $2,455,282.92. In other words, he contends that the accumulated earnings and profits of the company, within the meaning of the statute as applied to the company, is the difference between the surplus on March 1, 1913, and the surplus on April 14, 1923.

With petitioner's contention we are in accord, and we are convinced that this view is consonant with the intention of Congress as expressed in the language of the statute above referred to.

By reason of the fact that section 201 (b), supra, provides that dividends are presumed to have been made from the most recently accumulated earnings or profits, respondent argues that losses sustained after March 1, 1913, reduce previously accumulated earnings and may not be treated as suspended to absorb the accumulated earnings of subsequent years. With this contention we cannot agree. If we were here concerned in determining earned surplus for invested capital purposes at a designated date, or, if the company were a party to this proceeding and was seeking credit for losses accruing in 1914 and 1915 as against profits in subsequent years, respondent's argument might be both pertinent and plausible; but we are required to determine the company's accumulated surplus *since* March 1, 1913, unaffected, as we see it, by its surplus which existed on that date. In order to arrive at the result as contemplated by the plain words of the statute we think the losses sustained since March 1, 1913, should be deducted from the earnings and profits since that date.

No case has been called to our attention in which the facts are in all respects similar to the facts herein presented. In Hadden v. Commissioner (C. C. A.) 49 F.(2d) 709, 711, the court was called upon to determine, under the same statute which we are now considering, the proper method of arriving at the correct amount of profits of a corporation which had accumulated since March 1, 1913. There was no accumulated surplus on that date, but, on the other hand, there was quite a large deficit, which grew each year until in September, 1917, when the corporation made a very large profit upon the sale of some of its coal land. The court said: "No earned surplus can be accumulated until the deficit or impairment of paid-in capital has been made good. Dividends paid while there is an operating deficit should be deemed to be from capital or paid-in surplus even though there are earnings of the taxable year sufficient to pay the dividend in whole or in part. Operating losses sustained after March 1, 1913, must be deducted from profits realized after that date before they can be a taxable profit on the sale of the land, and the accumulated profits since March 1, 1913, must necessarily mean the net excess of all profits between March 1, 1913, and the date of distribution, less all losses sustained between the same dates * * *."

We are in accord with the rule thus announced, and we think it makes no difference whether or not there be a surplus existing on March 1, 1913. Such construction we do not regard as in any way violating that part of the statute which provides that dividends shall be paid out of the most recently accumulated earnings.

It may or may not be true in the instant case that the losses of 1914 and 1915 were actually paid out of the March 1, 1913, surplus. If they were thus paid it can make no difference, because the surplus which then existed, for the purposes of the act, must be considered as capital, and, if impaired, may be replaced before any tax computation. Southern Pacific Co. v. Lowe, 247 U. S. 330, 38 S. Ct. 540, 62 L. Ed. 1142; Lucas v. Alexander, 279 U. S. 573, 49 S. Ct. 426, 73 L. Ed. 851, 61 A. L. R. 906; Old Colony R. Co. v. Commissioner, 284 U. S. 552, 52 S. Ct. 211, 76 L. Ed. 484.

We do not regard the last cited cases as holding that surplus earnings as of March 1, 1913, must in every respect be treated as other capital, or that it is actually capital in the sense that it must be replaced if impaired. But for the purposes of the act it may be replaced if the corporation so desires, and

it may deduct that amount from subsequent earnings; and it may, on the other hand, distribute that surplus as dividends without replacement, provided there are no remaining profits or earnings left undisturbed which were accumulated since March 1, 1913.

Under the facts presented there was no deficiency in petitioner's income tax for 1923, and he is entitled to a refund of taxes paid by him for that year, computed on the basis that the distribution of April 14, 1923, was only 14.91 per cent. taxable.

The order of the board is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.